**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Progressive Preferred Insurance Company, | No. CV-26-04201-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Donna Lyn Bedard, | |
| Defendant. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand

that the party alleging jurisdiction justify its allegations by a preponderance of evidence." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up).  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The complaint alleges that "Progressive Preferred Insurance Company is incorporated in the state of Ohio."  (Doc. 1 ¶ 2.)  This is inadequate.  A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business."  *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  The complaint must affirmatively allege the corporation's place of incorporation *and* the location of its principal place of business.  *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("The facts must be alleged from which it may be determined of which state, or states, the corporation is 'deemed' to be a citizen—i.e. the state in which it was incorporated and the state in which it has its principal place of business.").

The complaint also alleges that "Donna Lynn Bedard is a resident of Maricopa County."  (Doc. 1 ¶ 1.)  This allegation is also inadequate.  As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction.  "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."  *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905).  "To be a citizen of a state, a natural person must first be a citizen of the United States.  The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends

to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted).

Thus, Plaintiff must file an amended complaint[1] that rectifies the identified deficiencies.

Accordingly,

**IT IS ORDERED** that by July 15, 2026, Plaintiff shall file an amended complaint establishing the relevant jurisdictional facts, as described in this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 1st day of July, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if it chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

- 3 -