**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Progressive Preferred Insurance Company, | No. CV-26-04201-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Donna Lyn Bedard, | |
| Defendant. | |

On June 12, 2026, Plaintiff Progressive Preferred Insurance Company ("Progressive") filed this declaratory judgment action based on diversity jurisdiction. (Doc. 1.)

On July 2, 2026, the Court noted that Progressive failed to allege facts to establish that the parties are completely diverse and ordered Progressive to file an amended complaint. (Doc. 5.)

On July 10, 2026, Progressive filed the first amended complaint ("FAC"), alleging facts that establish that the parties are completely diverse. (Doc. 7.) However, the allegations in the FAC call into question another aspect of establishing subject-matter jurisdiction—whether the amount in controversy is met.

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the

object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). What matters is the "loss" that would be incurred in the absence of relief— "particular allegations" regarding the value of something that will not be impaired in the absence of relief "throw no light upon" the amount in controversy. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 181 (1936). The party seeking to establish diversity jurisdiction must "set forth . . . facts showing what, if any" loss will be incurred in the absence of relief. *Id.*

Here, Progressive asserts that Defendant Donna Bedard ("Bedard"), a covered person under an insurance policy issued to Richard J. Bedard, was in an automobile-pedestrian accident with nonparty Wilson-Bear Don't Walk ("Walk"). (Doc. 7 ¶¶ 8, 11.) The FAC alleges that the policy at issue was "in force and effect at the time of the subject accident and provided $100,000 per person bodily injury limits subject to all terms, definitions, conditions, applicable provisions, restrictions, exclusions and limitations contained therein," such that Progressive was willing to pay $100,000 "to settle any claims against Bedard." (*Id.* ¶¶ 36-37.) Indeed, Progressive mailed a check for the $100,000 sum to Walk, which was apparently rejected. (*Id.* ¶¶ 37, 79.)

Progressive alleges, in a conclusory fashion, that the "amount in controversy exceeds the minimum jurisdictional requirements." (*Id.* ¶ 5.) It is unclear if this is correct. One of the forms of declaratory relief sought by Progressive is a determination that, due to alleged "collusive conduct" between Bedard and Walk, the presence of that conduct "precludes coverage for [Bedard] under the subject policy." (*Id.* ¶ 97.) At first blush, this allegation would seem to suggest that the amount in controversy is at least $100,000, i.e., the value of the subject policy. However, Progressive elsewhere clarifies that a favorable determination on this issue would only result in "a declaratory judgment stating that no coverage is available to Donna Bedard under the subject policy—*except for the statutory minimum limits*—based her collusive conduct with [Walk] . . . ." (*Id.* at 15, emphasis added.) Under Arizona law, the minimum statutory limits are $25,000 bodily-injury liability for one person, $50,000 for two or more people, and $15,000 for property-damage

liability. A.R.S. § 28-4009(b). This suggests that a favorable ruling in Progressive's favor with respect to the preclusion-of-coverage request would not be worth more than $75,000. *See generally Farmers Direct Prop. & Cas. Ins. Co. v. Perez*, 130 F.4th 748, 754 (9th Cir. 2025) (noting that an "insurer's maximum liability" is "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue") (cleaned up).

With that said, where "there is a legal possibility that [an insurer] may be liable for an amount in excess of its policy limit, the value of the object of the litigation, is not limited to the Policy's face amount." *Id.* (cleaned up). Here, Progressive seems to allege that it may have exposure beyond the policy limit and thus seeks a declaration that "any judgment obtained by [Walk] pursuant to" his alleged collusive convent with Bedard "is not enforceable against or binding upon Progressive and that Progressive is only responsible for the statutory minimum limits." (Doc. 7 at 15.) But the problem is that the amended complaint does not allege any details about the amount of Progressive's exposure in excess of its policy limit—and without those details, it is impossible to determine whether that unspecified exposure, minus Progressive's acknowledged liability up to the statutory minimum limits, exceeds the $75,000 amount-in-controversy threshold.

"[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify its allegations by a preponderance of evidence." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up). The facts alleged in the FAC call into question Progressive's basis for asserting that the amount in controversy here exceeds $75,000. Thus, the Court will require Plaintiff to (1) allege jurisdictional facts establishing the amount in controversy and (2) justify such allegations by submitting evidence.

Accordingly,

**IT IS ORDERED** that the FAC (Doc. 7) is **dismissed** for failure to allege facts establishing that the Court has subject-matter jurisdiction over this action.

**IT IS FURTHER ORDERED** that by **August 14, 2026**, Plaintiff shall file (1) a

second amended complaint establishing the relevant jurisdictional facts, as described in this order, and (2) evidence proving the amount in controversy by a preponderance of the evidence.  Alternatively, Progressive may voluntarily dismiss this action and file its lawsuit in state court.

**IT IS FURTHER ORDERED** that if Progressive fails to timely file a second amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

Dated this 31st day of July, 2026.

Dominic W. Lanza
United States District Judge

- 4 -